# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____
                                   )
**JOSEPH FACELLA,**                )
    **Petitioner,**        )
                                   )
                                   )    **CIVIL ACTION**
    **v.**                  )    **NO. 19-40025-TSH**
                                   )
**COLETTE GOGUEN,**                )
    **Respondent.**         )
_____)


## MEMORANDUM OF DECISION AND ORDER
### February 24, 2020

**HILLMAN, D.J.**

## Background

Joseph Facella ("Facella" or "Petitioner") has filed a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody alleging the following grounds for relief[1]:

    Ground One: The trial judge erred by admitting evidence of Facella's prior incarceration.

    Ground Two: The trial judge erred by giving untimely limiting instructions regarding prior bad act evidence.

    Ground Three: The trial judge erred by admitting evidence of Facella's prior bad acts in the Commonwealth's rebuttal case.

    Ground Four: Facella received ineffective assistance of trial counsel.

---

[1] Facella is proceeding *pro se* and for that reason, his pleadings will be construed liberally. *See Ashmont v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

The Respondent has filed a motion to dismiss on the grounds that Petitioner failed to exhaust Grounds One through Three of his petition. Petitioner has not filed an opposition to the motion to dismiss. For the reasons set forth below, the motion to dismiss is *granted* in part, and *denied*, in part.

**Facts**

On December 7, 2005, a jury convicted Facella of first-degree murder on a theory of extreme atrocity in the killing of his girlfriend, Annette Soares ("Soares"), in 2002. Facella timely filed a notice of appeal directly to the Massachusetts Supreme Judicial Court ("SJC") raising the following grounds for relief:

> (1) the trial judge erred by admitting evidence in the Commonwealth's case-in-chief of [his] previous incarceration; (2) the trial judge erred by giving untimely limiting instructions regarding prior bad act evidence admitted in the Commonwealth's case-in-chief; (3) the trial judge erred by admitting evidence of the defendant's prior bad acts in the Commonwealth's rebuttal case; and (4) [the SJC ] should exercise its power under [Mass. Gen. Law. ch. 278, §33E] to reduce the verdict or order a new trial.

*See Commonwealth v. Facella*, 478 Mass. 393, 395, 85 N.E.3d 665 (2017)[2]. The SJC also addressed Facella's motion for new trial based on ineffective assistance of counsel which was filed after oral argument. *Id.* The SJC affirmed Facella's conviction on November 21, 2017.

In its decision, the SJC found that the trial court had not erred in admitting the evidence of Facella's prior incarceration which consisted of two letters he had written Soares while he was jailed (the contents of the letters mentioned his incarceration). The SJC, citing to Massachusetts state cases[3], found that the letters were "plainly relevant for the proffered purpose of 'showing

---

[2] Due to a series of procedural delays, the SJC did not hear argument until May 2017.

[3] Massachusetts has not adopted codified rules of evidence, rather it applies common law principles in determining the admissibility of evidence. *See Hedberg v. Wakamatsu*, 482 Mass. 613, 615, 126 N.E.3d 956, 959 (2019) (Evidence law in Massachusetts remains uncodified. In 1982, SJC declined to adopt Proposed Massachusetts Rules of Evidence out of concern that such an adoption "would tend to restrict the development of common law

2

the nature of the entire relationship; between [Facella] and the victim, and to support the Commonwealth's theory of motive or intent on the night of the killing," and the trial judge did not err in concluding that the probative value of the letters outweighed any potential prejudice *Id.*, at 401-02, 85 N.E.3d 665. The SJC also cited to Massachusetts state case law in denying Facella's second ground for relief, *i.e.*, that the trial judge failed do give a timely limiting instruction regarding prior bad act evidence that was admitted into the Commonwealth's case in chief. That evidence consisted of testimony by a friend and business associate of Soares about a telephone call she received in 1997 during which Soares was hysterical and crying and said that Facella had been repeatedly beating her and she did not think he was going to stop until he killed her, evidence that Soares had, in fact been beaten, and evidence that Facella had to be restrained by his brother. Specifically, the SJC noted that while the trial judge did not interrupt the witness's direct examination to give a limiting instruction immediately following the testimony related to Facella's prior bad acts, the judge did give a limiting instruction immediately following the conclusion of her direct examination. The SJC citing to Massachusetts case law and Mass.R.Crim.P. 24(b) found that the judge had discretion as to the timing of instructions. *Id.*, at 402, 85 N.E.3d 665.

As to the third ground for relief, that the trial judge had erred by admitting evidence of Facella's prior bad acts (beatings of and/or threats to kill prior girlfriends), the SJC citing to Massachusetts case law found that such evidence was relevant and admissible for purposes other than to show Facella's bad character or propensity to commit the charged crime. More specifically, the court found that it was admissible for the purposes of rebutting Facella's defense

---

principles pertaining to the admissibility of evidence." SJC did, however, invite parties to cite to proposed rules, and has since adopted many of them as matter of common law.)

3

that he killed Soares because of the side effects of "interferon," a medication he was taking to combat hepatitis C which he alleged rendered him unable to restrain himself from acting violently. *Id.* at 403-406; 885 N.E.3d 665.

The SJC denied Facella's motion for new trial on the grounds of ineffective assistance of counsel after finding that his lawyer's decision not to call a psychiatric expert to testify how the interferon affected him was a reasonable strategic decision. The Petitioner did not seek review by the United States Supreme Court and timely filed his petition on January 30, 2019.

## Discussion

The Respondent asserts that Grounds One through Three of the petition are not exhausted because Petitioner failed to alert the SJC to the federal nature of these claims because he did not assert that any of the alleged errors violated his Constitutional rights and he failed to advance any federal law arguments to the SJC regarding these claims.[4] "[A] federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application". *See Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir. 1997). "This exhaustion requirement … embodies principles of federal-state comity and is designed to provide state courts with an initial 'opportunity to pass upon and correct alleged violations of [their] prisoners' federal rights' ". *Barresi v. Maloney*, 296 F.3d 48, 51 (1st Cir. 2002)(citation to quoted case omitted)(alteration in original).

---

[4] Petitioner can obtain habeas relief only if he can establish that his conviction was obtained as a result of errors in violation of the Constitution, laws or treaties o the United States— errors based on violations of state law cannot be remedied in a federal habeas case unless a petitioner asserts that the state law error resulted in a violation of his Constitutional rights. *See Estelle v. McGuire*, 502 U.S. 62, 67, 68, 112 S.Ct. 475 (1991). Arguably, Grounds One through Three of the Petition assert claims for violation of state law without a federal constitutional component. However, since the Respondent has limited her argument to failure to exhaust, the Court will likewise focus its discussion on whether such claims are exhausted.

Petitioner "bears the heavy burden of demonstrating satisfaction of the exhaustion requirement. To carry that burden, [he] must show that 'he tendered his federal claim [to the state's highest court] in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.' " *Casella v. Clemons*, 207 F.3d 18, 20 (1st Cir.2000) (citations omitted); *see also Barresi* , 296 F.3d at 51 ("[T]here are myriad ways in which a petitioner might satisfy his … obligation to fairly present a federal constitutional issue to a state's highest court, [including:]

> (1) citing a specific provision of the Constitution; (2) presenting the substance of a federal constitutional claim in such manner that it likely alerted the state court to the claim's federal nature; (3) reliance on federal constitutional precedents; and (4) claiming a particular right specifically guaranteed by the Constitution.

*Barresi.* 296 F.3d , at 52 (citation to quoted case omitted). The First Circuit has also recognized that a petitioner can meet his fair presentation obligation where although the claim arises under and is asserted in terms of state law, "as a practical matter, [it is] indistinguishable from one arising under federal law." *Id.*

<u>Whether Grounds One and Two have been Exhausted</u>

In Ground one of his petition, Facella asserts that the trial judge erred by admitting evidence of his prior incarceration. In support of this claim, he states that it was "prejudicial error for the trial judge to admit into evidence two letters [he] wrote to the victim while he was incarcerated." In Ground Two of his petition, Facella asserts that the trial judge erred by giving untimely limiting instructions regarding prior bad act evidence. In support of this claim, he states that the trial judge committed prejudicial error by failing to give a contemporaneous limiting instruction to the jury about the appropriate limits of a witness's bad act testimony. Petitioner raised these two arguments together in his direct appeal to the SJC. His argument in support of these claims cited to Massachusetts state case law. In addition to not citing any federal case law, he did not argue that

5

the trial judge's decision violated any federal constitutional right and it is not appear from his supporting argument or the cases cited that he was asserting the violation of a constitutional right. Put another way, Petitioner's argument to the SJC in support of these claims "lacked the manifest federal core that would have alerted the SJC to a federal issue without any references to the U.S. Constitution or federal precedent." *Sullivan v. Saba*, 840 F. Supp. 2d 429, 436 (D. Mass. 2012). Additionally, in denying Petitioner's appeal, the SJC relied on state court precedent and did not cite to the Constitution or any federal authority. Accordingly, I find that the federal nature of the claims asserted in Grounds One and Two of the petition were not presented to the SJC and therefore, they are not exhausted.

## Whether Ground Three is Exhausted

In Ground Three of his petition, Petitioner asserts that the trial judge erred by admitting evidence of his prior bad acts in the Commonwealth's rebuttal case. In support of this claim, Petitioner states that he was prejudiced by the trial judge's allowance into evidence of extensive prior bad act evidence from decades before the charged crime. He contends that the evidence was irrelevant and infected the case with undue prejudice that outweighed its probative value. Petitioner's argument to the SJC cited to only state law precedent and did not assert any federal constitutional violation. At the same time, he repeatedly argued that he was unfairly prejudiced by admission of this evidence. Whether this claim has been exhausted is a much closer call given that the admission of prejudicial evidence which so undermines the fairness of a trial can constitute a violation of the Constitutional right to due process. *See Evans v. Verdini*, 466 F.3d 141, 145 (1st Cir. 2006)(violation of rule of evidence does not itself amount to constitutional violation, which is a necessary predicate for a habeas claim. On facts of a given case, an evidentiary error may result in such fundamental unfairness to the defendant as to constitute a due process violation). However,

6

it would be a stretch to find that Petitioner's argument to the SJC suggested that admission of such evidence rendered his trial fundamentally unfair. On the contrary, considering Petitioner's arguments together with the reasoning applied by the SJC in denying his claim (the SJC's analysis relied solely on state law), I find that he did not fairly present the federal nature of this claim to the SJC and therefore, it is not exhausted. *Accord Coningford v. Rhode Island*, 650 F.3d 478 (1st Cir. 2011)(it is common ground that Constitution guarantees all persons accuse of crime right to a fair trial, but where petitioner's claim before state court bore no indicia of reliance on such right and relied on state law. "[G]eneralized plaints about prejudice and unfairness," are insufficient to alert state court of possible federal claim; fact that state evidentiary claim may mirror claim for violation of federal rules of evidence is insufficient to "transmogrify his garden-variety claim of evidentiary error into functional equivalent of a claim of constitutional magnitude").

## Whether Petitioner is Entitled to a Stay and Abeyance

Grounds One through Three of the petition as presented to the SJC did not assert errors based on the violation of a Constitutional right. Respondent does not assert that Facella's Fourth Ground for relief claiming ineffective assistance of counsel was not exhausted and it appears from a cursory review of the record that the federal nature of the claim was presented to the SJC. Therefore, the Court is faced with a so-called "mixed-petition," *i.e.* a habeas petition which includes both exhausted and unexhausted claims. Generally, habeas petitions that are not fully exhausted must be dismissed and the petitioner given the opportunity to resubmit a petition containing only fully exhausted claims, or to return to state court and exhaust the remaining claims. *See Rose v.* Lundy, 455 U.S. 509, 520, 522, 102 S.Ct. 1198 (1982). The First Circuit, however, has "held that where a petition is deemed mixed, the best practice is for the district court to give the petitioner an opportunity to dismiss the unexhausted claims. And then, if the petitioner declines

to dismiss the unexhausted claims, 'the district court should dismiss the entire petition without prejudice.'" *DeLong v. Dickhaut*, 715 F.3d 382, 387 (2013). A district court may also stay a mixed petition to permit the petitioner to return to state court to address the unexhausted claims, and then lift the stay and proceed to address the petition once all claims are exhausted. However, stay and abeyance is only appropriate when the petitioner can establish "that there was 'good cause' for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." *Josselyn*, 475 F.3d at 4.[5]

In this case, there is no indication that Facella has engaged in "intentionally dilatory tactics." However, the record does not support a finding of good cause for Facella's failure to exhaust. Under the circumstances of this case, I find it appropriate to permit Facella to delete the unexhausted claims from his petition (Grounds One through Three) and proceed with his exhausted claim (Ground Four). Thus, on or before March 20, 2020, Facella may file an amended petition deleting his unexhausted claim. If he fails to delete his unexhausted claims, the Respondent should renew its motion to dismiss, which the Court will allow in its entirety.

---

[5] Effective April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the statutes governing habeas corpus petitions to impose a one-year statute of limitations period on the filing of all non-capital habeas petitions in federal courts. *See* 28 U.S.C. §§2244(d)(1). In general, for prisoners in state custody, the limitations period begins to run on "the date which the judgment becomes final by conclusion of direct review or the expiration of the time for such review". 28 U.S.C. §2244(d)(1)(a). Because the filing of a federal habeas petition does not toll the running of the statute of limitations, after the AEDPA amendments, a petitioner who opted to return to state court to exhaust his claims often risked losing the opportunity for federal courts to review any of his claims. This is because by the time the petition was resubmitted to in the federal court, the one-year statute of limitations would likely have run. To address this problem, the Supreme Court approved the so-called "stay and abeyance" procedure, whereby rather than the petition being dismissed, it is stayed pending the petitioner's return to state court to exhaust the unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 274, 125 S.Ct. 1528 (2005). Because over a year has passed since Facella's judgment became final under the AEDPA, if he wanted to return to state court to exhaust Grounds One through Three of his Petition, he would have to utilize the stay and abeyance procedure or lose the opportunity to obtain federal review of any of his claims. Therefore, while Facella has not expressly requested a stay, I will assume that he intends to do so.

## Conclusion

Respondent's Motion to Dismiss Petition (Docket No. 16) is ***granted***, in part, and, for the present, ***denied***, in part. Petitioner shall have until March 20, 2020 to file an amended petition which complies with this Order, or his petition will be subject to dismissal in its entirety.

*/s/ Timothy S. Hillman*_____
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE